UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS ANTHONY EDWARD
RICHARDSON,

          Plaintiff,

   v.                                    CAUSE NO. 3:22-CV-92 DRL-MGG

R. OLMSTEAD *et al.*,

          Defendants.

OPINION AND ORDER

Thomas Anthony Edward Richardson, a prisoner without a lawyer, filed a complaint alleging his religious freedoms were violated at the St. Joseph County Jail. ECF 1. After he filed the complaint, he submitted an amended complaint that was facially invalid because it was an improper attempt to add additional allegations to his original complaint in a piecemeal fashion. ECF 4. The court gave him the opportunity to file a second amended complaint incorporating all his allegations in one document. ECF 6. Mr. Richardson responded, asking the court to disregard the amended complaint. ECF 7. Therefore, the court will strike the amended complaint and the case will proceed based on the originally filed complaint.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the

merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Richardson alleges jail officials denied him the ability to practice his Moorish American Muslim religion. Specifically, he complains about a four-month delay in receiving a kufi, a prayer rug, and a pork-free diet. However, the facts he alleges show that these defendants could be charged with a delay of only about a week. Under these circumstances, the allegations do not state a claim for relief.

Mr. Richardson alleges that on January 6, 2022, he saw Warden Olmstead in his office and asked about the status of his requests for a kufi, prayer rug, and pork-free diet. The warden denied being aware of the requests, but looked up Mr. Richardson's file in the computer. The warden noted that Mr. Richardson's file did not state a religious preference. Mr. Richardson says that he has been a Moorish American Muslim since 2011, but surmised that this information was not entered into the computer during booking because his booking process was interrupted by police officers showing up with a warrant for DNA. Mr. Richardson then requested a pork-free diet, but the warden denied it because Mr. Richardson's commissary history showed that he had purchased two items with pork in July 2021. Mr. Richardson explained that he purchased those items for another inmate in exchange for assistance on a legal matter. The warden reversed course and granted him a Kosher diet on January 13, 2022, a week after Mr. Richardson visited him in his office. Mr. Richardson received a kufi and prayer rug from Captain R. Zawistowski on January 10, 2022.

Although Mr. Richardson alleges that he submitted requests for a kufi, prayer rug, and pork-free diet earlier, he does not specify when and how he made those requests. Liability under 42 U.S.C. § 1983 is premised on personal involvement. *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017). Without some plausible basis to conclude that these defendants were aware of those requests, they cannot be held responsible for not providing the requested items in the four months leading up to January 2022.

Prisoners have a right to exercise their religion under the free exercise clause of the First Amendment, and that right is also protected by the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a). *Holt v. Hobbs*, 574 U.S. 352 (2015); *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). A prison policy of either actually or constructively denying a pork-free diet to Muslim inmates violates their First Amendment rights. *Hunafa v. Murphy*, 907 F.2d 46 (7th Cir. 1990). However, correctional officials may "appropriately question whether a prisoner's religiosity, asserted as the basis for a requested accommodation, is authentic." *Cutter v. Wilkinson,* 544 U.S. 709, 725 n.13 (2005). The purchase of pork products can suggest that an inmate's religious belief regarding a need for a pork-free diet was not sincerely held. *See Sharp v. Liebel*, No. 3:20-CV-327-JD-MGG, 2021 U.S. Dist. LEXIS 173144, at *16 (N.D. Ind. Sept. 13, 2021) (collecting cases).

Here, the warden had a valid basis to deny Mr. Richardson a pork-free diet upon initial review based on the pork products he had purchased earlier. If the warden had persisted in an erroneous denial of a pork-free diet, that could state a claim. But the complaint shows that he granted Mr. Richardson's request after only a week. Similarly,

3

the complaint shows that Captain Zawistowski provided Mr. Richardson a kufi and prayer rug four days after Mr. Richardson's visit to the warden's office. Jail administrators are allowed discretion in how to process religious requests administratively. *See Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990) ("[A] prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison."); *Lewis v. Casey*, 518 U.S. 343, 387 (1996) ("The judiciary is ill equipped to deal with the difficult and delicate problems of prison management and . . . prison administrators are entitled to considerable deference."). Although Mr. Richardson was likely impatient to receive the items he requested, the brief delays that can be charged to these defendants do not support a claim for relief.

Finally, Mr. Richardson includes as defendants Sheriff William J. Redman, Jail Chief Todd Shepherd, and Assistant Jail Chief Garrett W. Fields. He seeks to hold them responsible for the warden's actions on the basis of their supervisory authority over him. This is not a basis for liability under 42 U.S.C. § 1983. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. The requirement for personal involvement is designed to ensure that "supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Mr. Richardson

4

does not link these supervisory officials to the events described in the complaint, so the complaint does not state a claim against these supervisory officials.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Richardson may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) STRIKES the amended complaint (ECF 4);

(2) GRANTS Thomas Anthony Edward Richardson until **June 22, 2022**, to file an amended complaint; and

(3) CAUTIONS Thomas Anthony Edward Richardson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 23, 2022 *s/ Damon R. Leichty*
Judge, United States District Court